**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**UNITED STATES OF AMERICA**

      **vs.**                          **Criminal Action  2:24-cr-162
                                        JUDGE MICHAEL H. WATSON**

**RONALD ALLEN MEADOWS**

## REPORT AND RECOMMENDATION

      The United States and defendant Ronald A. Meadows entered into a plea agreement, executed pursuant to the provisions of Fed. R. Crim. P. 11(c)(1)(C), whereby defendant agreed to plead guilty to an *Information*, ECF No. 25, charging him with possession with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl in violation of 21 U.S.C. § 841 (Count 1) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i)(Count 2).[1] The *Information* also contains forfeiture provisions. *Id.*[2] On November 20, 2024, defendant personally appeared with his counsel for an arraignment and entry of guilty plea proceeding.

      Defendant waived his right to an indictment in open court and after being advised of the nature of the charges and of his rights. *See* Fed. R. Crim P. 7(b).

---

[1] The original *Plea Agreement*, ECF 26, contained a number of scrivener's errors and it was agreed that the parties would execute and file, after the hearing, an amended plea agreement correcting those errors. However, and with the parties' consent, the Court went forward with the arraignment and entry of guilty plea proceeding on November 20, 2024, based on the anticipated corrected terms in the amended document. In addition to specifying sentencing terms, the *Amended Plea Agreement,* ECF 32, includes an appellate waiver provision that preserves only certain claims for appeal, collateral challenge, or motion for reduction of sentence. In the *Amended Plea Agreement*, defendant also agreed to the forfeiture provisions contained in the *Information.*

[2] The forfeiture provisions of the *Information* also contain scrivener's errors. The forfeiture provision of the *Amended Plea Agreement* contains the correct specification of the items to be forfeited.

Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj,* 25 Fed. Appx. 290, 291(6th Cir. 2001)(Magistrate Judge may accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed).

During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time he entered his guilty plea, defendant was in full possession of his faculties, was not suffering from any apparent physical or mental illness, and was not under the influence of narcotics, other drugs, or alcohol.

Prior to accepting defendant's plea, the undersigned addressed defendant personally and in open court and determined his competence to plead. Based on the observations of the undersigned, defendant understands the nature and meaning of the charges in the *Information* and the consequences of his plea of guilty to those charges. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's plea is voluntary. Defendant acknowledged that the *Amended Plea Agreement* signed by him, his attorney, and the attorney for the United States and filed on December 11, 2024, represents the only promises made by anyone regarding the charges in the *Information*. Defendant was advised that the District Judge may accept or reject the *Amended Plea Agreement*. Defendant was further advised that, if the District Judge refuses to accept the *Amended Plea Agreement*, defendant will have the opportunity to withdraw his guilty plea but that, if he does not withdraw his guilty plea under those circumstances, the District Judge may impose a sentence that is more severe than the sentence contemplated in the *Amended Plea Agreement*, up to the statutory maximums.

2

Defendant confirmed the accuracy of the statement of facts supporting the charges, which is attached to the *Amended Plea Agreement.* He confirmed that he is pleading guilty to Counts 1 and 2 of the *Information* because he is in fact guilty of those crimes. The Court concludes that there is a factual basis for the plea.

The Court concludes that defendant's plea of guilty to Counts 1 and 2 of the *Information* is knowingly and voluntarily made with understanding of the nature and meaning of the charges and of the consequences of the plea.

It is therefore **RECOMMENDED** that defendant's guilty plea to Counts 1 and 2 of the *Information* be accepted. Decision on acceptance or rejection of the *Amended Plea Agreement* was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office. Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in the forfeiture of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and*

3

Recommendation.  *See United States v. Wandahsega,* 924 F.3d 868, 878
(6th Cir. 2019); *Thomas v. Arn,* 474 U.S. 140 (1985).

*s/  Norah McCann King*
Norah McCann King
United States Magistrate Judge

December 18, 2024